FIRST SAVINGS & TRUST COMPANY, Respondent, vs. CAZE-
NOVIA & SAUK CITY RAILROAD COMPANY, Respondent:
HANZLIK, Appellant.

*December 10, 1914—January 12, 1915.*

*Contract for services: Performance: Right to compensation: Evidence:
Interest upon interest coupons: Mortgage securing bonds: Fore-
closure: Priority as to interest payments.*

1. A finding by the circuit court that a petitioner, who claimed to be
   entitled to payment for services performed by him under con-
   tract as general manager of a railroad company prior to the ap-
   pointment of a receiver, had breached his contract and had not
   performed the services required of him, is *held* to be sustained
   by the evidence.
2. Under sec. 1689, Stats., where neither the interest coupons nor any
   other writing provided that the interest due on bonds should
   bear interest from maturity, no interest on the amounts of said
   coupons is recoverable.
3. A trust deed of railroad property provided that it was given to
   secure the *"pro rata* payment" of certain "bonds and the interest
   thereon," and that it should secure "equally dollar for dollar
   all of said bonds of all denominations without preference or
   priority of one bond over another." It also provided that if the
   trustee should take possession of and operate the railroad he
   might, after paying current expenses out of the revenue obtained
   from such operation, use such surplus revenue, "first, to the pay-
   ment in full, without giving preference, priority, or distinction
   to one bond over another of those hereby secured, of the interest
   due, if such net income be sufficient, but if not then *pro rata.*"
   *Held,* that the only preference in making interest payments was
   given in case such payments could be made out of the earnings
   of the road, and that as to the fund realized on a sale of the
   property, interest past due at the time subsequently maturing
   bonds were, under an option in the deed, declared to be due, was
   not entitled to any preference or priority over the principal and
   interest so declared to be due.

APPEAL from two orders of the circuit court for Sauk
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The petitioner, *Hanzlik,* by his first petition claims that
he is entitled to interest upon certain coupons which had

been attached to bonds issued by the defendant railroad company, and that past-due coupons are prior in right of payment to the bonds and coupons of later maturity.   The bonds are secured by a trust deed.   By a second petition he asks that an allowance of $450 be allowed him for services he claims to have rendered as manager of the defendant railroad.

The *Cazenovia & Sauk City Railroad Company* operated a short line railroad from Cazenovia to La Valle in Sauk county.   The property of this railroad has been mortgaged to the *First Savings & Trust Company* of Milwaukee as trustee to secure certain bonds with attached interest coupons. Upon default in the payment of the interest the bondholders elected to declare the whole amount due and began foreclosure proceedings.   C. E. Blake of Madison, Wisconsin, was appointed receiver and took possession of the company's property on June 30, 1913.   The company's assets were sold at a receiver's sale.   Prior to the discharge of the receiver and before the judgment of foreclosure the appellant filed two petitions demanding payment of interest coupons in his possession and $450 of unpaid salary as manager.   He claimed to own certain bonds, and he separated the interest coupons past due from them and held the coupons as his property. He asked in his petition that he be awarded interest on the amounts of these coupons, so past due, from their maturity and that the amounts thereof be adjudged to be a prior lien upon the assets of the company, and that he have a preference for their payment over the bonds and coupons of later maturity.   The circuit court denied this petition.

The petitioner in his second petition claims that he was director, treasurer, and general manager of the *Cazenovia & Sauk City Railroad* from July 1, 1912, until July 1, 1913, and that during such period he acted as claim agent, purchasing agent, and superintendent of roadway and improvements. He states that his salary was to be $100 per month and that

there is due him the amount thereof from February 15, 1913, until July 1, 1913, namely, the sum of $450, and he asks that the receiver be directed to pay this out of the funds that he may have in his hands or which may come into his hands from the sale of said property or from the proceeds derived from the operation of the railroad. The circuit court found that the petitioner had breached his contract in that he did not perform the services required under his contract during the last six months preceding the receivership.

From these orders denying appellant's petitions this appeal is taken.

For the appellant there were briefs by *Carl N. Hill,* attorney, and *Frank W. Hall,* of counsel, and oral argument by *Mr. W. H. Spohn* and *Mr. Hall.* They contended, *inter alia,* that the petitioner was entitled to interest upon the coupons. In form each one is an obligation to pay money and contains all the essentials of a simple promissory note. It, as well as any other obligation, will bear interest from the date of its maturity or from the date upon which it becomes due and payable. *Mills v. Jefferson,* 20 Wis. 50, 54; *Cleveland v. Burnham,* 64 Wis. 347, 361, 25 N. W. 407; *Stubbings v. O'Connor,* 102 Wis. 352, 363, 78 N. W. 577. The coupons maturing in 1910, 1911, and 1912 take priority in the proceeds of the foreclosure sale over the coupons and bonds declared due by option at a later date. *Marine Bank v. International Bank,* 9 Wis. 57, 64; *Pierce v. Shaw,* 51 Wis. 316, 318, 8 N. W. 209; *Shaw v. Crandon State Bank,* 145 Wis. 639, 652, 129 N. W. 794; *Lyman v. Smith,* 21 Wis. 674; *McLean v. Hoehle,* 98 Wis. 359, 363, 74 N. W. 120.

For the respondents there was a brief by *Bentley, Kelley & Hill,* and oral argument by *F. R. Bentley.* To the point that all the bonds and coupons should participate in the fund and share *pro rata,* they cited *Sewall v. Brainerd,* 38 Vt. 364; *Smith v. Stevens,* 49 Conn. 181; *Jennings v. Moore,* 83 Mich. 321, 47 N. W. 127; *Holway v. Gilman,* 81 Me. 185,

16 Atl. 543; 20 Am. & Eng. Ency. of Law (2d ed.) 1050;
2 Jones, Mortg. (6th ed.) §§ 1701a, 1703; *Bushfield v.
Meyer*, 10 Ohio St. 334; *Champion v. Hartford Inv. Co.* 45
Kan. 103, 25 Pac. 590; *Haven v. Grand J. R. & D. Co.* 109
Mass. 88; *Union T. Co. v. M. & P. J. R. Co.* 63 N. Y. 311;
*Miller v. R. & W. R. Co.* 40 Vt. 399; 8 Am. & Eng. Ency. of
Law (2d ed.) 13, 14.

SIEBECKER, J.   The appellant assails the finding of the
circuit court to the effect that he breached his contract as gen-
eral manager and for other services thereby required of him.
An examination of the record discloses that the evidence bear-
ing upon the question of his performance of the services re-
quired of petitioner under this contract is very meager and
unsatisfactory.   There is evidence tending to show that peti-
tioner devoted some time and attention to the duties imposed
upon him by this contract of employment, but it is not suffi-
cient to establish the fact that he substantially performed the
services required of him.   The facts and circumstances in
evidence show that he rendered comparatively little service
from January 1 to July 1, 1913, and that he devoted but little
time to the management and operation of the railroad busi-
ness.   The burden rested upon him to show that he per-
formed his contract.   The circuit court found on the facts
and circumstances in evidence that he failed in this respect
and that performance by him was not established.   We can-
not say that this conclusion of the circuit court is against the
clear preponderance of the evidence.   Upon the record the
finding of the circuit court must stand.

It is contended that the circuit court erred in denying pe-
titioner's recovery of the interest on the amount of each past-
due interest coupon from the date of its maturity.   There is
no dispute but that this claim for interest on these coupons is
for past-due unpaid interest.   The question is, Is the peti-
tioner in law entitled to interest on interest under the facts

shown? The statute on the subject provides that the right to interest shall be limited to a sum or value not greater "than at the rate of ten dollars upon one hundred dollars for one year; and in the computation of interest upon any bond, note or other instrument or agreement interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith." Sec. 1689, Stats. 1913. This language is plain and its application to the undisputed facts before us is free from difficulty. Neither the coupons nor any other writing provides that interest due on the bonds shall bear interest from maturity. Furthermore, in computing the interest the statute inhibits the compounding of interest. The trial court was clearly right in denying this claim of the appellant. The early decisions referred to by counsel were not made under the law as it now exists and the allusion thereto in *Stubbings v. O'Connor,* 102 Wis. 352, 78 N. W. 577, shows that the court, under the statute as it then existed, did not allow interest on interest unless expressly agreed to in writing.

It is urged that the amounts due on coupons which matured prior to declaring the whole amount of the bonds due for default in payment of the interest thereon are to have preference in payment over subsequently maturing bonds and interest. The trust deed provides, pursuant to the resolutions of the board of directors, that it is given to secure the *"pro rata* payment, dollar for dollar, of said bonds and the interest thereon," and that such mortgage shall secure "equally dollar for dollar all of said bonds of all denominations without preference or priority of one bond over another. . . ." It is furthermore provided by the trust deed that if the trustee takes possession of the railroad and operates it, he may, after paying current operating expenses out of the revenue obtained from such operation, use such surplus revenue, "first, to the payment in full, without giving preference, priority, or

distinction to one bond over another of those hereby secured, of the interest due, if such net income be sufficient, but if not then *pro rata.*" This provision is significant. It indicates that the only preference in making interest payments is given in case interest payments could be made out of the earnings of the road. This provision clearly shows an intention that the interest demands should have no preference or priority of payment out of the fund realized from the sale of the security. The provision of the trust deed above referred to in substance and effect provides for an equal and *pro rata* application of the amount realized on a sale of the security, as payment of principal and interest of the unpaid obligations, and negatives the claim that past-due interest shall have a priority or preference over any demand against said fund by reason of prior maturity. The circuit court construed the provisions of the trust deed correctly and properly denied petitioner's claim for a preference of payment of his interest coupons over the principal and interest declared due under the option in the deed.

*By the Court.*—The orders appealed from are affirmed.

